THE ITALIA.

(Circuit Court of Appeals, Second Circuit. April 10, 1911.)

No. 193.

1. SHIPPING (§ 126*)—RESPONSIBILITY FOR GOODS AFTER UNLOADING.

 The liability of a vessel as a carrier ceases when she has discharged goods at a proper pier, and she can be held liable thereafter only for negligence in caring for them until their removal by the consignee.

 [Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 461–464; Dec. Dig. § 126.*]

2. SHIPPING (§ 126*)—RESPONSIBILITY FOR GOODS AFTER UNLOADING.

 A vessel discharged a shipment of macaroni on a covered pier in New York, where two days after she had left that pier it was injured by water by the bursting of a leader from the roof of the shed during an ex-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

187 F.—8

traordinary rainfall. The pipe was sound, and had not leaked before. *Held*, that no negligence was attributable to the ship in leaving the goods near such pipe, and that she could not be held liable for the loss.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 461–464; Dec. Dig. § 126.*]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty by Philip W. Saitta against the steamship Italia; the Anchor Line (Henderson Bros.), Limited, Claimant. Decree for libelant (184 Fed. 366), from a part of which claimant appeals. Reversed.

This cause comes here upon appeal from a decree holding the steamship Italia liable for damages to boxes of macaroni. There were two lots of goods—one damaged while abroad the ship; the other damaged while on the pier after discharge. Appeal is taken only from so much of the decree as holds the ship liable for the goods which were damaged on the pier.

Burlingham, Montgomery & Beecher (Everett Masten, of counsel), for appellant.

Philip S. Saitta, for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. The steamer arrived on April 30th and docked at Pier 29, North River, May 1st. She was entered at the custom house early in the morning of May 1st and began discharging on that day. She was moved from Pier 29 to Pier 30 at half past 11 on May 5th. The macaroni was discharged on Pier 29. This is a covered pier, and the macaroni was piled up awaiting withdrawal; some of it being near a leader or pipe from the roof of the shed. On May 7th there came a strong rain, and the water burst the pipe and went on the macaroni.

[1] The provisions of the bill of lading are the same as those which were considered in Constable v. National S. S. Co., 154 U. S. 51, 14 Sup. Ct. 1062, 38 L. Ed. 903. The liability of the carrier as carrier ceased with discharge at a proper pier, and he can be held only for negligence in caring for the goods until the consignee comes to remove them.

[2] No negligence is shown in this case. For all that appears, the shed of the pier was properly constructed and in good order. There is no suggestion that the leader was leaky, or had ever leaked before, or that it was old, or weak, or out of repair in any way. The break was at the top of the shed where the pipe led from the scuppers, and the water came together and entered the pipe from two directions. The pipe was of galvanized iron, and a hole was forced in by the pressure of water; the pipe being in other respects sound. The break was where the joint was, and was a clean break. The leaders had been overhauled in the previous fall, and in the fall of each year preceding. There had been no trouble with the leader before this particular occasion.

It is true that it broke solely under pressure of water which it was intended to carry; but the storm was one of most unusual severity, with an extraordinary rainfall. The witness from the Weather Bureau stated that it was "extraordinary in the sense that it has probably not been exceeded more than five or six times in the past 40 years." We cannot find any negligence in caring for the goods which were discharged on this pier.

So much of the decree as finds the ship liable for damages to the macaroni on the pier is reversed, with costs of this appeal.

